IN THE UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

ANDRES FERNANDO ARROYAVE-RAMIREZ
Petitioner

FILED BY _____ D.C.
NOV 01 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

v.                                    Case No.12-20032-cr-Williams
                                      (Honor. Kathleen M. Williams)

UNITED STATES OF AMERICA
Respondent

DEFENDANT'S MOTION PURSUANT TO 18 U.S.C.§3582(c)(2) BASED ON THE
NEW SENTENCING GUIDELINE DOWNWARD ADJUSTMENT FOR CERTAIN
ZERO-POINT OFFENDERS
(AMENDMENT 821 U.S.S.C.)

NOW COMES PETITIONER, ANDRES FERNANDO ARROYAVE RAMIREZ, Pro-Se and respectfully asks this Court to apply a two-level reduction to Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2), and based on the unanimously-

-1-

voted U.S. Sentencing Commission New Amendment 4C1.1 "Adjustment for Certain Zero-Points Offenders", adjust Petitioner's sentence to.

Petitioner prays that this Motion be liberally construed and held to a standard "les stringent than those drafted by Attorneys." Haines v. Kerner,404 U.S. 519,520 (SCOTUS 1972); See also Avala Serrano v. Gonzalez, 909 F.2d 8,15(1st Cir.)1991). According to Rule 56(a) of the Federal Rules of Civil Procedures, a Movant may move for any claim if he shows that there is no general dispute as to any material fact and that he is entitled to judgement as a matter of law.

## BACKGROUND AND FACTS

Petitioner is currently incarcerated at FCI Otisville, Federal Correctional Institution. At Otisville, NY. Petitioner is serving a 175 months' term of incarceration with the US Bureau of Prisons, Petitioner has been incarcerated since March 05,2012 with a tentative release date of March 24, 2025 (Via GCT Accreditation). Petitioner has an intense Supervised Release Period of 60 months.

Petitioner was convicted of one count, Title 21 Section 963, Attempt, Conspiracy to Distribute Five Kilograms or more of Cocaine knowing it was unlawfully imported into the United States.

Petitioner original TOTAL OFFENSE LEVEL was 35, with a Criminal History Category of I, 168 to 210 months.

The District Court makes two determinations when deciding whether or not to modify a sentence under 18 U.S.C. § 3582(c) (2). Under the First Step Act, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Petitioner was sentenced (U.S.S.G. 1B1.10(b)), leaving untouched all other previous factual decisions concerning particularized sentencing factors. See *United States v. Wyatt*, 115 F.3d 606, 609, (8th Cir, 1997). Such factors include, inter alia, role in the offense, obstruction of justice, victim's adjustment, more than minimal planning, and the acceptance of responsibility.

In this particular case, recalculation of Petitioner's TOTAL OFFENSE LEVEL under the Present Amendment 821 amended guidelines would result in a NEW TOTAL OFFENSE LEVEL of 33 (135-168 months). Otherwise, recalculation would not result in any change to Petitioner's Criminal History Category, and therefore, Category I remains applicable. These factors would result in any Guideline Sentencing Range of 135 to 168 months, as opposed to the previous Guideline Sentencing Range of 168 to 210 months.

Petitioner respectfully asks this Honorable Court to impose a new sentence at the low end of the new Guideline Range, 135 months, as the Court found the low end as previously appropriate and in the interest of justice post-sentencing comportment.

## DISCUSSION

On April 27th, 2023, the U.S. Sentencing Commission ("U.S.S.C.") Submitted a series of guidelines Amendments to Congress for consideration. If Congress does not act to veto the Amendments – which there has never been a prior veto by Congress to an unanimously-voted Amendment presented by the U.S.S.C. – they Will become effective on November 1, 2023.

As expressly stated in these Amendments to the Sentencing guidelines, the "new 4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three of offenders who did not received any criminal history points under Chapter 4, Part A and whose instant offense did not involve specified aggravated factors." Below is the description of this new Amendment:

### 4C1.1 Adjustment for Certain Zero-Point Offenders

(a) Adjustment—If the defendant meets all of the following criteria:

(1) The defendant did not receive any criminal history points for Chapter Four, Part A;
(2) The defendant did not receive any adjustment under 3 A1.4 (Terrorism);
(3) The Defendant did not use violence or credible threats of violence in connection with the offense;
(4) The Offense did not result in death or serious bodily injury;
(5) The instant offense of conviction is not a sex offense;
(6) The defendant did not personally cause substantial financial hard ship;
(7) The defendant did not possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm or other dangerous weapons (or induce another participant to do so) in connection with the offense;
(8) The instant offense of conviction is not covered by 2H1.1 (offense Involving Human Rights);
(9) The defendant did not receive an adjustment under 3 A1.1 (Hate Crime Motivation or Vulnerable Victim) or 3 A1.5(Serious Human Rights Offense); and
(10) The defendant did not receive an adjustment under 3B1.1 (Aggravating Role) and was not engaged in a Continuing Criminal Enterprise, as defined in 21 U.S.C. §848;

> Decrease the offense level determined under Chapter Two and Three by 2 levels.

Having established the applicable Amendment Guideline Range as above explained, the Court next considers all factors contained in 18 U.S.C. 3553(a) and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. *Wyatt*, 115 F3d at 609; 18 U.S.C. § 3582 (c) (2). The Factors set forth in 3553(a) are the followings: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentence available at that time; 4) the applicable sentencing range under the guidelines at time of sentencing; 5) any pertinent Sentencing Commission Policy Statement; 6) the need to avoid unwarranted sentencing disparities among defendants; 7) the need to provide restitution to victims, 18 U.S.C. § 3553(a) Put more succinctly, the statute requires the sentence imposed to be minimal sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

Furthermore, pursuant to the ruling of the United States Supreme Court in *Pepper v. United States*, S. Ct. No. 09-6822, and in conjunction with 18 U.S.C: § 3553(a) factors that Congress has instructed: evidence of post-sentencing rehabilitation may be highly relevant to several of the §3553(a) factors that Congress has expressly instructed to consider at sentencing or re-sentencing.

Petitioner has appendixes Bureau of Prison Documents (Program Review) which details the extensive listing of Petitioner's Educational Programming, in order to demonstrate to this Honorable Court Petitioner's exemplary post sentencing comportment and rehabilitation. As indicative within Unit Team's "Program Review", Petitioner has conducted himself with Bureau Staff and other Inmates, not only in an exemplary manner, but with absolutely ".... no disciplinary history in the last 6 months" and good behavior in general throughout his nearly 12 years of incarceration.

In fact, and as demonstrative of Petitioner's post-sentencing rehabilitative behavior, Petitioner presents to this Honorable Court his BOP Educational Skills Development Programming that Petitioner has completed voluntarily, and with the individual goal to better prepare Petitioner for imminent release (Please See Program Review Attached),

Petitioner would like to impress upon the Court, Petitioner's strong intent to better himself in order to be a productive member of his community upon release. At the time of his arrest, Petitioner was 22 years of age, with limited skills and not educational background, now Petitioner is 35 years old and fully understood the mistake he committed with his life, therefore Petitioner made the effort to get prepare

for his release to be a better human being and not make the same bad judgment which initially brought Petitioner to the jurisdiction of this Honorable Court.

Accordingly, Petitioner prays that this Honorable Court takes into consideration his strong post-sentencing rehabilitation as the most accurate indicator of "his present purposes and tendencies to change and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed on him". (*Ashe*, 302 U.S. at 55) as such, Petitioner respectfully request that this Honorable Court GRANTS the rehabilitative sentence of 135 months as the most appropriate.

As it may be reviewed by this Honorable Court, Petitioner clearly meets all the criteria described above, making him eligible for a two-level reduction of his sentence.

Notably, reduction in terms of imprisonment as a result of an Amended Guideline Range shall be consistent with U.S. Sentencing Guideline Policy Statement 1B1.10, including subsection (d) "Covered Amendments". It is important to note that on July, 2023, the U.S. Sentencing Commission voted in favor of the new 4C1.1 Amendment to become retroactive and include all eligible prisoners currently held in federal custody.

In addition, 1B1.10 Commentary Application Notes (1)(B)(iii) calls for a review of Post-Sentencing Conduct. As it is shown in Exhibits attached herein, Petitioner has actively and consciously participated in and complete multiple Evidence-Based Recidivism Reduction Programs and BOP's designed Programs Courses, which have deeply and positively impacted Petitioner's rehabilitation. Furthermore, as per the FSA Risk and Needs Assessment (PATTERN) report—which analyzes prisoner's likelihood of recidivating – Petitioner is currently categorized as a LOW Recidivism Level. Please See Exhibits attached herein.

Also, and not of les importance, Petitioner has not only been incarcerated during the entire Covid-19 Pandemic lockdown with several consecutive months in solitary confinement, which has been extremely harsh, inhumane, and morally devastating (which is an 18 U.S.C.§3553(a) Factor). Additionally, due to a detainer lodged by ICE, Petitioner has been denied of at least 9 months of beneficial incarceration at a Residential Reentry Center.

Lastly, although this new downward adjustment does not become effective until November 1, 2023, Petitioner humbly ask this Honorable Court to consider the 2 level reduction prior to the effective date in light of U.S. v. McMillan, 863 F.3d 1053, 1058 (8th Cir.2017) ("Although District Courts are required to apply the guidelines in effect on the date of sentencing, they may consider pending amendments to the guidelines"); U.S. v. Ruiz-Apolinio, 657 F.3d 907 (9th Cir, 2011) ("A sentencing Court, of course, has the discretion to grant a variance from the Guidelines after promulgation but before the adoption of a proposed amendment"); U.S. v. Luis-Guizar, 656 F.3d 567 (7th

Cir.2011) ("the Court should have considered the pending amendment"); US v. Frierson, 308 Fed. Appx. 298, 302-303(10th Cir.2007) (defendant given downward departure of 15 months in light of a pending amendment to Guidelines).

## CONCLUSION

Based on the facts of the matter established herein, Petitioner, respectfully and humbly request this Honorable Court to GRANT this Motion, reduce his sentence from its initial level 35 of 175 months to level 33 of 135 Months or TIME SERVED.
As a reduction pursuant to 18 U.S.C. §3582(c)(2). It is also requested that the Court Appoint CJA Counsel to represent Petitioner if necessary.

Petitioner, (Defendant), from the time of filing this Motion, to his current release date of March 24,2025 has approximately 17 Months left of his sentence to serve, which is more than the expected 2 levels reduction of 40 Months in light of this new Amendment. Therefore, Petitioner prays this Honorable Court GRANTS this Motion. It is important also to note that after his release, Petitioner still needs to be transferred to an ICE facility to process his deportation this usually in normal procedure takes from 30 to 90 days.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 18 U.S.C. §1746.

Executed this third day of November,2023.

*Andres Fdo Arroyave R.*
/s/

Register No.01507-104

## CERTIFICATE OF SERVICE

I, ANDRES FERNANDO ARROYAVE-RAMIREZ, HEREBY CERTIFY, that a true and correct copy of the foregoing was placed in the F.C.I. Otisville, Federal Correctional Institution legal mail-box, with proper first-class postage affixed, addressed to the office of the U.S. Attorney's 99 NE 4th St Miami, FL 33132 on this Third of November, 2023.

Respectfully Submitted,

*Andres Edo Arroyave R.*
ANDRES FERNANDO ARROYAVE-RAMIREZ
Register No.01507-104
F.C.I. Otisville
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963